**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **REC Marine Logistics, LLC,** | ) | **CIVIL ACTION** |
| **Plaintiff** | ) | |
| | ) | **NO.** |
| **versus** | ) | |
| | ) | |
| **Andre Denoux** | ) | **JUDGE** |
| **Defendant** | ) | **MAGISTRATE** |
| _____ | ) | |

## COMPLAINT  FOR DECLARATORY RELIEF

NOW INTO COURT, through undersigned counsel, comes plaintiff, REC Marine Logistics, LLC., a Louisiana corporation with its principal place of business located in Lafourche Parish, Louisiana, which alleges and avers as follows:

### I.

This Court has jurisdiction over this claim for relief pursuant to 28 U.S.C. §1333(1) as this controversy is governed by the Admiralty and Maritime Law of the United States.

### II.

Made defendant herein is, Andre Denoux, an adult resident of Jefferson Parish, Louisiana and a Jones Act seaman and a member of the crew of **M/V Alexandra Danos** on which he served as a captain at all times relevant hereto.

### III.

Defendant, Andre Denoux, pursuant to the General Maritime Law, has made a demand for maintenance and cure from plaintiff as his employer under the Jones Act, but on information and belief, Andre Denoux did not have an accident on nor fall ill in the service of the vessel and it appears that he fabricated the event, failing to follow his employer's policies and rules for immediate reporting, and completion of the mandatory "Vessel Accident Report" which as captain on board, it

was his non-delegable duty for enforcement and compliance—instead no accident or illness was reported contemporaneously to his employer, and he said nothing to any of the crew on board the vessel; however he did subsequently and improperly alter the official vessel log in an effort to provide some                     evidence                     of                     his                     claim.

## IV.

While at all times reserving its defenses to any claim for maintenance and cure brought by the defendant, and without conceding that defendant is entitled to any maintenance and cure, plaintiff contends that is has conducted a thorough investigation of the demand for maintenance and cure, and that it is relieved of the obligation to pay maintenance and cure, as a consequence of the defendant's willful fabrication, misconduct and misrepresentation as to the origin, nature, and extent of any injury and/or illness while in the service of the vessel.

## V.

In addition, or alternatively, plaintiff contends that it is relieved of the obligation to pay maintenance and cure to the defendant, if any obligation exists, as a consequence of the defendant's misrepresentations and fabrications, preventing a reasonable and timely investigation into his demand for maintenance and cure, and the validity and origins thereof.

## VI.

Alternatively, and as a further additional defense to any claim for maintenance and cure, and upon information and belief therein, plaintiff contends that the defendant has forfeited any right to claim maintenance and cure as a consequence of the defendant's failure to timely disclose relevant pre-existing medical conditions that caused, or may have caused, in whole or in part, the illnesses and injuries alleged and for which he is presently demanding maintenance and cure, and which related directly to defendant's employability with plaintiff.

**VII.**

As a consequence of the defendant's conduct, plaintiff, REC Marine Logistics, LLC. is therefore uncertain of its obligation to pay any maintenance and cure to the defendant, or alternatively, further maintenance and cure to the defendant, or whether it may be entitled to claim credit for maintenance and cure already paid to the defendant and/or of the extent of the obligation, if any, thereby exposing it to claims for compensatory and other claims for damages or attorney fees, should any right to maintenance and cure be shown to exist by a preponderance of the evidence.

**VIII.**

Accordingly, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §2201, REC Maine Logistics, LLC, hereby respectfully requests that this Court hear the evidence, and thereafter declare, decree, and adjudge that plaintiff has no ( or further) obligation under the Admiralty and Maritime Law to pay maintenance and cure to the defendant, Andre Denoux, or that if any such obligation does exist under the General Maritime Law that the plaintiff is relieved of the obligation as a consequence of the defendant's willful misconduct, fabrication, misrepresentations, and refusal to cooperate with plaintiff's efforts to obtain a full timely investigation.

**WHEREFORE,** premises considered, REC Marine Logistics, LLC, prays that defendant, Andre Denoux, be made a party defendant to this proceeding and that after all legal delays and due proceedings have been had, that there be judgment herein in favor of plaintiff, REC Marine Logistics, LLC. and against defendant, Andre Denoux, declaring that REC Marine Logistics, LLC. is relieved of any obligation to pay (further) maintenance and cure benefits to Andre Denoux, at defendant's costs, and for all other such relief as justice may require and that this Court be competent to grant.

**Respectfully Submitted,**


BY:_____

**FRED E. SALLEY, T.A.   (11665)**
**SALLEY & ASSOCIATES**
**P.O. Box 3549**
**77378 Hwy 1081 Cretien Annex**
**Covington, Louisiana   70434**
**Telephone: (985) 867-8830**
**Facsimile  (985) 867-3368**
**Counsel for Plaintiff, REC**
Marine Logistics, LLC

## <u>VERIFICATION</u>

**State of Louisiana:**

**Parish of Lafourch:**

Now before me, a Notary Public, for the State and Parish aforesaid, came and appeared

### RONALD E. CHADDOCK

Who after being placed under oath, stated that he is a major and citizen of the state and parish as referenced herein, and the Manager for REC Marine Logistics, LLC:

That he is familiar with Andre Denoux and with the facts of his claim for Maintenance and Cure;

That he has read the proposed complaint seeking relief under Declaratory Judgment, and it is true and correct to the best of his current knowledge, information, and belief.

<u>Ronald E. Chaddock</u>

Sworn to and subscribed to before me, a Notary Public, on this _____ day of January 2018

_____

Notary Public, State of Louisiana