UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **REC MARINE LOGISTICS, L.L.C.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **No. 19-262** |
| | * | |
| **ANDRE DENOUX** | * | |
| | * | **SECTION "L" (2)** |

## ORDER & REASONS

Before the Court is Defendant's motion to dismiss. R. Doc. 15. Plaintiff opposes. R. Doc. 17. Having considered the parties' briefs and the applicable law, the Court now issues this Order & Reasons.

### I. BACKGROUND

This declaratory judgment action arises out of injuries allegedly sustained by REC Marine Logistics, LLC ("REC")'s employee, Andre Denoux. Mr. Denoux claims that he was injured while working for REC as a captain and member of the crew of the M/V Alexandra Danos. REC, however, denies that Mr. Denoux was injured, and seeks a declaration that it "is relieved of any obligation to pay (further) maintenance and cure benefits." R. Doc. 1 at 3. After REC filed this declaratory judgment action, Mr. Denoux sued REC in the 16th Judicial District Court for the Parish of St. Mary, asserting claims for negligence, unseaworthiness, and maintenance and cure.

### II. PRESENT MOTION

Mr. Denoux moves the Court to dismiss or stay this action pending resolution of the state-court suit, arguing that (1) the state-court suit will resolve all issues between the parties, and (2) REC brought this action in an attempt to deprive Mr. Denoux of his choice of forum. In opposition, REC argues that the state-court suit will "likely" be dismissed for improper venue, and this Court is convenient for all parties.

1

## III. LAW AND ANALYSIS

District courts enjoy broad discretion to decide, dismiss, or stay a declaratory judgment action. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 281 (1995). In exercising this discretion, the court must "address[] and balance[] the purposes of the Declaratory Judgment Act and the factors relevant to the abstention doctrine." *Travelers Ins. Co. v. Louisiana Farm Bureau Federation, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993). To that end, the court should consider:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forum exist;

(5) whether the federal court is a convenient forum for the parties and witnesses; and

(6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy.

*Id.* "[N]one of these factors takes precedence over the others, and the district court has discretion to consider as many of the variables as it wishes." *In re Complaint of Pride Offshore, Inc.*, 2001 WL 13336, at *2 (E.D. La. Jan. 5, 2001).

On balance, these factors weigh in favor of dismissal. Mr. Denoux's state-court lawsuit may resolve all issues between the parties. The Court declines to predict whether, as REC contends, the state court will determine that venue is improper. Furthermore, dismissal will preserve Mr. Denoux's right to proceed in a forum of his choosing and "avoid duplicative or piecemeal litigation." *Sherwin-Williams Co. v. Holms Cnty.*, 343 F.3d 383, 391 (5th Cir. 2003); *see also Offshore Liftboats, L.L.C. v. Bodden*, 2012 WL 2064496, at *3 (E.D. La. June 7, 2012) ("Jones

Act seamen … are entitled to have a jury decide all issues joined with a Jones Act claim, including claims for maintenance and cure."); *Aries Marine Corp. v. Lolly*, 2006 WL 681184, at *3 (W.D. La. Mar. 16, 2006) ("[T]hat [employer] won the race to the courthouse does not entitle it to gain precedence in time and forum, forcing [seaman] to litigate his Jones Act claim as a compulsory counterclaim in the forum of [employer's] choice without a jury. Such a conclusion would encourage the race to the courthouse."). The Court finds no reason to depart from the "well-established practice that courts in this district dismiss preemptive declaratory judgment actions in maritime personal injury cases." *Chet Morrison Offshore, L.L.C. v. Heyden*, 2007 WL 1428697, at *2 (E.D. La. May 10, 2007).

## IV. CONCLUSION

For these reasons, Defendant's motion to dismiss, R. Doc. 15, is hereby **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, on this 26th day of March, 2019.

**ELDON E. FALLON**
United States District Judge